IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01587-WYD-MEH

EDISYNC SYSTEMS LLC,

    Plaintiff,

v.

CENTRA SOFTWARE, INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon the showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of highly confidential information, confidential information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1.       This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, documents marked as an exhibit at any deposition, deposition testimony, deposition transcripts, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.       As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.       A lawyer or any person under direct control of a lawyer acting on behalf of a party or any third party subject to discovery in this action ("The Litigation") may, after

review, and on a good faith basis, designate any of the materials described above in paragraphs 1 and 2 as "Confidential" as defined below, if it reflects, refers to or evidences any "Confidential" information.

4. All "Confidential" or documents produced by any party or non-party in The Litigation shall be used by the party receiving or reviewing such documents only for the purposes of preparing for and conducting The Litigation.

5. For purposes of this Protective Order, the term "Confidential Information" means information that counsel of record for the designating party has determined, in good faith implicates common law and statutory privacy interests of confidential information, and may include, by way of example: non-public confidential proprietary data, non-public confidential proprietary business information; non-public technical information and engineering specification, and non-public confidential research, development, personnel, or commercial information. Information shall be designated as "Confidential" only upon the good faith belief that the information falls within the scope of confidential information under the Federal Rules of Civil Procedure and the precedents thereto.

6. "Confidential" information shall be designated specifically by marking the thing and/or each page of a document produced as "CONFIDENTIAL."  In lieu of marking and producing the original of a document, a marked copy thereof may be produced, provided that the unmarked original is kept available by the producing party for inspection.

7. In the event that an original copy of a document is designated "Confidential" as set out in Paragraph 6, and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as "Confidential" or if the receiving party is actually aware of such fact or given notice thereof.

8.	Such "Confidential" designation shall be made at the time documents or materials are produced.  In the case of depositions, the designations shall be made by so stating on the record of the deposition, or within 30 days after being notified that the transcript is available for review.  Notwithstanding the foregoing, documents that are not designated "Confidential" at the time of production may subsequently be designated as "Confidential" by the disclosing party in a letter to the receiving party that specifically describes each document so designated, and the receiving party shall treat those documents as "Confidential" as of the date of their designation.  Documents that any disclosing party inadvertently does not designate as privileged or subject to work product protection upon production may be subsequently designated as subject to such protection pursuant to the process described in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

9.	Documents or materials marked as "Confidential" pursuant to the terms of the Protective Order, and any information contained therein or derived therefrom shall not be disclosed to anyone other than to "Qualified Persons," who are defined to consist of:

(j)	The Parties

(k)	Counsel to the parties to The Litigation, including in-house counsel, and clerical, secretarial and paralegal staff employed by such counsel;

(l)	Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this action, provided that the designated material is necessary for the individual expert or consultant to provide the assistance for which he or she was retained;

(m)	Any deponents, witnesses, and potential witnesses;

(n)	Any court reporter or typist recording or transcribing testimony;

    (o)  The Court (in the manner provided by Paragraph 10 hereof); and

    (p)  Any other person to which all the parties agree in writing.

17.  Prior to disclosing "Confidential" information to any person listed in paragraph 9 (other than counsel, persons employed by counsel, Court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (attached hereto as Exhibit A) stating that he or she has read this Protective order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

18.  A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party challenging the designation of the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision and provision 14, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

19.  Documents or materials designated as "Confidential" in accordance with the terms of this Protective Order, whether discussed in briefs or otherwise, shall be filed pursuant to D.C.COLO.LCivR 7.2 and 7.3.

20.	At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "Confidential" shall be returned to the party that designated it "Confidential" or the parties may elect to destroy such documents. Where the parties agree to destroy "Confidential" documents, the destroying party shall provide all parties with an affidavit confirming the destruction. The receiving party may keep attorney work product that relates to any information designated as "Confidential."

21.	This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado, this 1st day of September, 2009.

BY THE COURT:

*Michael E. Hegarty*

United States Magistrate Michael E. Hegarty

APPROVED:

| *s/ Evan M. Rothstein* | *s/ Robert M. Abrahamsen* |
|---|---|
| Tucker K. Trautman | James Foster |
| Gregory S. Tamkin | Robert M. Abrahamsen |
| Evan M. Rothstein | WOLF GREENFIELD & SACKS P.C. |
| DORSEY & WHITNEY LLP | 600 Atlantic Avenue |
| 370 Seventeenth Street, Suite 4700 | Boston, MA 02210-2206 |
| Denver, CO 80202-5647 | Telephone:   617-646-8000 |
| Telephone:   303-629-3400 | Facsimile:   617-646-8646 |
| Facsimile:   303-629-3450 | Email:  foster@wolfgreenfield.com |
| Email:  trautman.tucker@dorsey.com | Email:  rabrahamsen@wolfgreenfield.com |
| Email:  tamkin.greg@dorsey.com | **Attorneys for Defendant Centra Software Inc.** |
| Email:  rothstein.evan@dorsey.com | |
| **Attorneys for Plaintiff Edisync Systems LLC** | |

**EXHIBIT A**

## DECLARATION

By my signature, I hereby acknowledge that I have read the Protective Order entered in *Edisync Systems, LLC v. Centra Software Inc.*, Civil Action No. 03-cv-01587-WYD-MEH (D. Colo.), that I understand the Protective Order, and that I hereby agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of the United States District Court for the District of Colorado to enforce the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Date:_____                    _____
                                                                    (Signature)