IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-cv-1587-WYD-MEH

EDISYNC SYSTEMS, INC.,

    Plaintiff,

v.

CENTRA SOFTWARE, INC.,

    Defendant.

_____

**ORDER STAYING CASE**
_____

    THIS MATTER comes before the Court on Defendant Centra Software, Inc.'s ("Centra") Motion to Stay This Action Pending Reexamination of the Patent-in-Suit or, in the Alternative, Pending the Outcome of an Early Motion for Summary Judgment of Invalidity, filed September 23, 2009 [#111].  The motion has now been fully briefed.

    By way of background, I note that Plaintiff EdiSync Systems, Inc. ("EdiSync") filed their Complaint in this case on August 19, 2003, alleging infringement of U.S. Patents Nos. 6,411,965 ("'965 Patent") and 5,799,320 ("'320 Patent").  On August 13, 2007, the parties submitted a status report to the Court indicating that this action is stayed pending the outcome of Centra's requested reexamination of the Patents by the United States Patent and Trademark Office ("PTO").  In 2009, the PTO issued reexamination certificates for both patents.  For the '965 Patent, the reexamination certificate cancelled all of its claims.  As to the '320 Patent, the PTO cancelled all of the '320 Patent's original claims and introduced a new set of claims that were deemed patentable over cited prior art.  At the request of the parties' this case was reopened on

February 2, 2009, and an Amended Scheduling Order was issued on April 10, 2009.

Pursuant to the Amended Scheduling Order, the parties briefed the issue of pre-reexamination certificate liability as to the '320 Patent and a hearing took place on September 3, 2009.  With respect to pre-reexamination certificate liability, the issue pending before the Court is whether the new set of claims set forth in the reexamination certificate of the '320 Patent are "substantially identical" to the original '320 Patent claims.  If the new claims are not "substantially identical" then Centra is not liable for alleged infringement occurring prior to issuance of the reexamination certificate. *Engineered Data Products, Inc. v. GBS Corp.*, 506 F.Supp.2d 461 (D. Colo. 2007).

In the pending Motion to Stay, Centra asserts that at some point during the initial reexamination proceedings, it unearthed additional prior art similar to that relied upon in its reexamination request, but this new prior art was never consider by the patent examiner during the original reexamination proceedings.  On May 7, 2009, Central filed a new request for reexamination of the claims that appeared in the newly-issued reexamination certificate for the '320 Patent, based on this "new" prior art.  The PTO granted the second reexamination request on August 28, 2009.  Centra asserts that I should allow the PTO to consider the patentability of the remaining claims of the '320 Patent in view of the newly-cited prior art before allowing this litigation to proceed any further.  EdiSync objects and asserts that it would suffer extraordinary prejudice by the potential delay caused by a stay pending reexamination, and maintains that this request for stay is a part of a larger delay tactic on the part of Centra.  EdiSync notes that the '320 Patent is set to expire in 2015, and assuming the new reexamination proceedings take half as long as the initial reexamination, "the '302 Patent may only have a few

years left of useful life."

A motion to stay an action pending the resolution of a reexamination proceeding in the PTO is left to the sound discretion of the court.  *See Boradcast Innovation, L.L.C. v. Charter Commc'ns Inc.*, 2006 WL 1897165, *4 (D. Colo. 2006) (unpublished). However, there exists a liberal policy in favor for granting motions to stay proceedings pending the outcome of reexamination proceedings.  *Id.*  In deciding whether a stay is appropriate, I must consider (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.  *Id.* (citations omitted).

Here, as to the first factor, it is clear that a granting a stay will simplify the issues in question and streamline trial.  As previously stated, the issue currently pending before the court is whether the claims set forth in the reexamination certificate of the '320 Patent are "substantially identical" to the original '320 Patent claims.  This issue, as well as the ultimate issue of patent infringement, could be eliminated should the second reexamination result in the elimination of all of the new '320 Patent claims.  If the second reexamination resulted in clarification of the new '320 Patent claims, this action would control the outcome of any subsequent infringement analysis and may render moot the question of pre-reexamination certificate liability.  Of course, the PTO could uphold all of the claims in the new '320 Patent.  However, given the technical nature of the patent claims in question in this case along with Centra's assertion of invalidity based on newly-cited prior art, I find that the expertise of the PTO will benefit me.  *See*

*Gould v. Control Laser Corporation*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("one purpose of the reexamination procedure is to eliminate trial of [an] issue (when the claim is canceled) or to facilitate trial of [an] issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding); *see also Dresser Indus., Inc. v. Ford Motor Co.*, 530 F.Supp. 303, 307 ("The major benefit of staying litigation pending reconsideration . . . is that it affords the Court the assistance of the Patent Office's specialized expertise on technical questions of validity.").

As to the second factor, it is clear from the record that discovery in this case is in its early stages and no trial date has been set. It is true that the parties have expended resources briefing and arguing the issue of pre-reexamination certificate liability. However, further discovery may compound the parties' expenditures unnecessarily if the new reexamination eliminates or clarifies the new '320 Patent claims.

As to whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party, I note that the parties are not in direct competition with each other, and Edysinc will be able to seek damages against Centra regardless of the length of any stay or the length of the second reexamination request. *See Broadcast Innovation,* 2006 WL 1897165 at *10 (where plaintiff has an adequate remedy at law, this factor weights heavily in favor of staying the case). While Centra may derive some benefit from a stay in the short term, I do not find that entering a stay pending the second reexamination would present a clear tactical advantage to Centra.

Finally, I find that a stay will potentially reduce the burden of litigation on the parties, simplify or eliminate the issues before the court, avoid inconsistent rulings and conserve the resources of the Court. I am mindful of the length of time this case has

been pending, and of the EdiSync's desire for resolution of the issues before the Court. Nevertheless, I find that at this time all of the factors discussed above weigh in favor of entering a second stay.

Therefore, it is hereby

ORDERED that Defendant Centra Software, Inc.'s ("Centra") Motion to Stay This Action Pending Reexamination of the Patent-in-Suit or, in the Alternative, Pending the Outcome of an Early Motion for Summary Judgment of Invalidity, filed September 23, 2009 [#111] is **GRANTED** and this case is hereby **STAYED** pending further order of the Court.  It is

FURTHER ORDERED that the parties shall file Status Reports with the Court the earlier of ten days following issuance of the PTO's first action on the merits of the reexamination request, or by **Monday, December 23, 2009**.

Dated:  November 5, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge