IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-01587-WYD-MEH

EDISYNC SYSTEMS LLC,

    Plaintiff,

v.

CENTRA SOFTWARE, INC.,
CENTRA SOFTWARE, LLC,
SABA SOFTWARE, INC.,
FEDEX OFFICE AND PRINT SERVICES, INC.,
HOME DEPOT, INC.,
INTERNATIONAL BUSINESS MACHINES CORPORATION,
WYNDHAM WORLDWIDE CORPORATION,
AUTOMATIC DATA PROCESSING, INC., and
GRANT THORNTON LLP,

    Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Compel Responses from Defendants to First Set of Interrogatories and Requests for Production of Documents and Things [filed April 12, 2012; docket #237]. The motion is referred to this Court for disposition. (Docket #238.) In light of statements made in the briefs associated with this motion, the principal issue remaining is one of attorney's fees. For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's motion for fees.

**I.   Background**

The discovery requests at issue in this case were served on **January 6, 2004**. Responses were filed one month later. Since that time, the case has seen a series of stays (occasioned by patent reexaminations) and negotiations between the parties concerning the scope of Defendants'

discovery obligations. As relevant to this Court, these negotiations included the following communications from Plaintiff to Defendant:

September 25, 2009: "Please confirm by the close of business Tuesday that we will receive all documents responsive to the Requests for Production by October 2. If we cannot get such confirmation, we will have no choice but to go to the Court."

October 2, 2009: "Unless we receive confirmation nearly next week that we will start receiving documents on or before October 12, 2009, we will move to compel."

September 20, 2011: "We expect full production of updated answers, responses and documents no later than October 10, 2011."

October 24, 2011: "I am sending this letter in accordance with D.C.COLO.LCivR 7.1 to confer on deficiencies of Centra/Saba's discovery responses."

December 30, 2011: "This letter represents our final attempt to resolve our discovery dispute concerning your clients' failure to fully respond to our discovery requests as set forth in my letter of September 20, 2011. . . . If we cannot resolve this matter by January 10, 2012, with production of documents and supplemental responses, we will be forced to file motion [sic] to compel with a request for sanctions."

March 29, 2012: "As before, consider this letter our further attempt to resolve discovery issues in good faith without motion practice. . . . I would appreciate your response by April 10, 2012. As before, I am available to discuss any of this although we have gone over this many times before."

On April 3, 2012, just five days later, the parties filed a joint motion to extend certain deadlines. In that motion the parties jointly stated, "The parties agree that the claim construction issues that are currently under consideration by the Court are likely to have a significant impact on the remainder of this case, including . . . the nature and extent of any remaining discovery and any dispositive motions that may be filed in this matter." Docket 234, at 2. On April 12, 2012, the present Motion was filed "[w]ithout any further contact between the parties" (according to the Defendants). Thereafter, the parties negotiated final, satisfactory responses and document production from the Defendants. Thus, Plaintiff seeks sanctions pursuant to Fed. R. Civ. P.

-2-

37(a)(5)(A), which mandates that, absent certain narrow exceptions, the Court is to award fees and costs if, as here, disclosure or discovery is provided after filing.

The two exceptions to obligatory fees and costs that may apply here are Rule 37(a)(5)(A)(ii) -- the opposing party's alleged discovery failures were substantially justified - and (iii) -- "other circumstances make an award of expenses unjust."[1]  As I read the papers, with regard to the Defendants' provision of source code, it was produced in its entirety long ago, but Plaintiff contends that this was not told to Plaintiff, nor was a road map given that would allow Plaintiff to know that it had all relevant source code and to understand how it is to be deciphered. With regard to design documents, Plaintiff contends that not until the Motion was filed did Defendants suggest and agree to a search protocol to identify relevant documents.  With regard to sales and profitability data, Defendants were waiting on a determination by the Court that the case would survive claim construction scrutiny, while Plaintiff (based on its assumption that its case would survive to a determination on the merits) has been seeking such information throughout the case.  Finally, with regard to sales and marketing materials, Plaintiff states that, once again, it has consistently sought production of promotional documents, including without limitation those touting the advantages of the accused features of Defendants' products, while Defendants allege that they did not understand Defendants' requests to be so broad.

Based on such diametrically contrary reconstructions of the history of discovery negotiations between the parties, I am left to decide subjectively which side appears to have the stronger or more supported (and plausibly sounding) arguments on who is at fault in these discrete areas.  I lean toward the Plaintiff on the sales and profitability data and the design

---

[1]  The first exception addresses the filing of the motion to compel before attempting in good faith to obtain the discovery without court action. The record here is replete with efforts by Plaintiff to obtain discovery it felt was required.

documents, and toward the Defendants on the source code and marketing discovery. However, what does that mean with regard to an award of fees?

The Advisory Committee Notes for the 1970 amendments indicates that Rule 37(a)(5) was intended to stop abusive practices. That concept is mentioned several times. I see some evidence of stalling by the Defendants, which is an abusive practice. This supports fees. I also see some substantial justification for the failure to produce certain documents, which supports limited application of the exception in Rule 37(a)(5)(A)(ii). Standing in the Plaintiff's shoes, I see from its perspective years of patience and threats and attempts to work things out, and when the case finally got too close to trial to wait any longer, a motion to compel had to be filed. This supports fees. Standing in the Defendants' shoes, I see the opposing counsel repeatedly resorting to threats of motions to compel and sanctions as a bargaining technique. Indeed, the last letter before the filing of the Motion to Compel was perhaps the mildest of the series and could reasonably have led Defendants' counsel to believe that the invited discussion on the issues would occur as it had so many times in the past, particularly in light of the seemingly hand-in-hand joint motion that followed the March 29, 2012 letter. Therefore, it would not be remarkable to me that the Motion to Compel caught the Defendants' attorneys completely off guard. This conclusion supports limited application of the exception in Rule 37(a)(5)(A)(iii).

The end of the matter is that Rule 37(a)(5) requires monetary relief when compliance has been obtained through a motion, and that has happened here at least to some degree. Therefore, some costs, including attorney's fees, is warranted. Such costs and fees will be partially ameliorated by the two noted exceptions. Plaintiff shall submit a statement of its reasonable fees and costs on or before May 31, 2012. Defendants may file any objection to the reasonableness of the proposed fee/cost award on or before June 11, 2012. I will thereafter determine the

appropriate sanction. In the meantime, as suggested by Plaintiff, Defendants are to complete their agreed-to production with all deliberate speed.

    SO ORDERED.

    Dated at Denver, Colorado, this 24th day of May, 2012.

                                         BY THE COURT:

                                         Michael E. Hegarty
                                         United States Magistrate Judge