IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   03-cv-1587-WYD-MEH

EDISYNC SYSTEMS, INC.,

    Plaintiff,

v.

CENTRA SOFTWARE INC.;
CENTRA SOFTWARE, LLC; and
SABA SOFTWARE, INC.,

    Defendants.

## ORDER TO STAY AND ADMINISTRATIVELY CLOSE CASE

I.    <u>INTRODUCTION</u>

THIS MATTER comes before me on the Notice of Patent Office Action in Pending Reexamination (ECF No. 312), filed by Defendants on March 15, 2013. According to this filing, "on March 12, 2013, the United States Patent and Trademark Office ("PTO" or "Patent Office") mailed a nonfinal Office Action in the pending re-examination of United States Patent No. 5,799,320 ("the '320 patent"), the patent in suit, finding unpatentable all of the claims of that patent." (Not. at 1).  The Patent Office has given Plaintiff Edisync two months to respond to the rejection.  If the Patent Office is unpersuaded by Plaintiff's response, the Patent Office will then issue a certificate of reexamination canceling all the claims.  As a result, the cancellation, unless reversed or vacated on appeal, will render the '320 patent invalid, which would result in the dismissal of this action.  (Not. at 2).

In response to the Patent Office's notice, on March 19, 2013, I issued an Order to

Show Cause why this matter should not be stayed and administratively closed pending the final outcome of the Patent Office's reexamination of the '320 patent. The parties filed written responses. Defendant agreed that a stay of the case is appropriate while Plaintiff objects to stay. For reasons stated below, I find that this matter should be stayed. The Order to Show Cause is discharged.

II.  DISCUSSION

Any person may request PTO reexamination of the patentability of an unexpired United States patent. 35 U.S.C. § 302 (2006). A request for patent reexamination may be based on prior art patents or publications (i.e., patents or publications predating the patent at issue) that raise a "substantial new question of patentability." *Id.* § 303(a). Within three months of such a request, the Patent Office, through patent examiners familiar with the technologies involved in the patent, must determine whether a "substantial new question of patentability" exists. *Id.* § 303(a); *Broadcast Innovation, L.L.C. v. Charter Comm., Inc.*, 2006 WL 1897165, at *1-2 (D. Colo. July 11, 2006).

Significant to this case, a Patent Office decision to cancel a patent renders the patent unenforceable in pending litigation. *Broadcast Innovation*, 2006 WL 1897165, at *1-2 (citing 35 U.S.C. §§ 301-02, 307[a] ). Alternatively, although not binding, a Patent Office decision upholding the validity of reexamined patent claims is strong evidence that a district court must consider in assessing whether the party asserting invalidity has met its burden with clear and convincing evidence. *Id.*; *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986).

By way of background, "Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO. Patent

validity is a commonly asserted defense in litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002). Courts recognize that shifting the patent validity issue to the Patent Office has many advantages, including: (1) all prior art presented to the court will have been first considered by the Patent Office, with its particular expertise; (2) the outcome of the reexamination many encourage a settlement; (3) issues, defenses, and evidence will be more easily limited in final pretrial conferences after a reexamination; and (4) costs will likely be reduced both for the parties and the court. *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill.1987).

My decision to stay this action pending the resolution of the reexamination proceeding is within my sound discretion. *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 1997 WL 94237, at *8 (D. Kan. 1997). Indeed, the Supreme Court has recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment. . . ." *Landis v. N.Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). I also note that "[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays." *Robert H.Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q.2d 1786, 1788 (E.D. Ark.1991). Further, "[w]hen a district court stays patent validity proceedings before it until completion of a reexamination proceeding, that stay must be accepted if the purpose of the reexamination statute is to be preserved." *Gould v. Control Laser Corp.*,

705 F.2d 1340, 1342 (Fed. Cir.), cert. denied, 464 U.S. 935, 104 S.Ct. 343, 78 L.Ed.2d 310 (1983).

The factors Courts generally apply when determining whether to stay an action pending reexamination are: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. *Broadcast Innovation*, 2006 WL 1897165, at *4 (citing *Tap Pharm. Prods. Inc. v. Atrix Labs., Inc.*, 2004 WL 422697, 70 U.S.P.Q.2d 1319, 1320 [N.D. Ill. 2004]; *Nexmed Holdings, Inc. v. Block Inv., Inc.*, 2006 WL 149044, at *1 [D. Utah Jan. 19, 2006] ). Courts frequently collapse the first and fourth factors. *See id.* at *4 n. 6.

Here, I find that the four factors are satisfied. The reexamination procedure was intended "to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts." *Digital Magnetic Sys., Inc. v. Ansley*, 213 U.S.P.Q. 290, 290 (W.D.Okla.1982). The Federal Circuit has explained that a major "purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)." *Gould*, 705 F.2d at 1342. Accordingly, the first and fourth factors weigh heavily in favor of issuing a stay for the following reasons: (1) if the Patent Office reverses its nonfinal Office Action finding unpatentable all of the claims of '320 Patent, then I will have an expert opinion to assist me in resolving the pending summary

judgment motions; and (2) if the reexamination ultimately leads to the cancellation of the '320 Patent's claims, then Plaintiff's case will evaporate.

Moreover, the issues before the Patent Office are similar (if not identical) to those before me on the pending summary judgment motions. Defendant asserts that the Patent Office applied the same constructions that I adopted in my June 15, 2012 claim construction ruling. See ECF No. 258. Thus, if this case were to proceed on its current track, I would be applying the same constructions as the Patent Office has just applied in the reexamination for purposes of summary judgment. The Patent Office has just found all of the claims unpatentable. I find that it would clearly simplify the issues and streamline the case for me wait for the Patent Office's final action before repeating its analysis.

Second, while summary judgment motions are pending, a trial date has not been set. Third, Plaintiff would not suffer an unnecessary delay in prosecution of its case. On the contrary, Defendant states that a stay would actually expedite the reexamination. MPEP §2263 requires the Patent Office to reduce, from two months to one month, the statutory period for a response to an office action, where a court stays a litigation for purposes of re-examination. Thus, although Plaintiff has two months to respond to the March 12, 2013 Office Action, if this matter is stayed, Plaintiff's response to future office actions will be accelerated by a month. (Def's Resp. at 5).

III.   CONCLUSION

Based on the foregoing, although the parties and the Court have devoted extensive resources to the case up to this point, in light of the recent nonfinal Office Action by the Patent Office in the pending reexamination of United States Patent No.

-5-

Case 1:03-cv-01587-WYD-MEH   Document 322   Filed 04/10/13   USDC Colorado   Page 6 of 6

-6-

5,799,320, I find that a stay is appropriate. Accordingly, it is

ORDERED that the Order to Show Cause is **DISCHARGED.** It is

FURTHER ORDERED that this matter is **STAYED** pending the final outcome of the Patent Office's reexamination of the '320 patent, including any subsequent appeal. Since the length of this process is uncertain, this matter is **ADMINISTRATIVELY CLOSED** pursuant to D.C.COLO.LCivR 41.2 with leave to be reopened for good cause shown. In furtherance of the administrative closure, the parties are ordered to submit joint status reports to the Court every **four months starting August 1, 2013**. Based upon those status reports, the Court will determine the appropriate course of action. It is

FURTHER ORDERED that in light of the administrative closure of this matter, **all briefing deadlines, pretrial submissions, and the hearing set for June 11, 2013 are hereby VACATED.**

Dated: April 10, 2013

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE