IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   03-cv-01587-WYD-MEH

EDISYNC SYSTEMS, INC.,

    Plaintiff,

v.

CENTRA SOFTWARE INC.;
CENTRA SOFTWARE, LLC; and
SABA SOFTWARE, INC.,

    Defendants.

---

**ORDER**

---

I.    <u>INTRODUCTION AND BACKGROUND</u>

On March 12, 2013, the United States Patent and Trademark Office ("PTO") issued a Non-Final Office Action finding all of Plaintiff EdiSync's Patent No. 5,799,320 ("'320") claims unpatentable.  (ECF No. 312-1).  Regarding the claims asserted against Defendants, the PTO found that U.S. Patent No. 4,939,509 (the Bartholomew patent) anticipated independent claim 21 (ECF No. 312-1, ¶¶ 112-114) and dependent claim 22 (¶ 126), and that dependent claim 23 was obvious in light of the Bartholomew patent combined with other prior art references.  (¶¶ 183-186).  The PTO gave Plaintiff two months to respond to the rejection.  (ECF No. 312-1 at 3).  On April 10, 2013, I stayed this case pending the outcome of the latest reexamination to gain the benefit of the PTO's expert opinion regarding '320's validity.  (ECF No. 322 at 4).

On August 23, 2013, the PTO issued an Office Action reinstating the previously-cancelled claims of Plaintiff EdiSync's "320 Patent.  (ECF No. 324-1).  In light of the most recent findings of the PTO in the Office Action, I reopened this patent infringement case.  On November 20, 2013, I held a status conference and heard argument from both parties as to how this matter should proceed.  I ordered the parties to meet and confer and submit a proposed case management order that included neutral, balanced language amending my prior *Markman* order (ECF No. 258) to reflect the PTO's rulings, orders and changes to the claim construction based on the most recent Office Action dated August 23, 2013.  Unfortunately, the parties were unable to agree on such language, so I now take on this task.  Thus, the purpose of this Order is to modify, limit and narrow my June 15, 2012 *Markman* order in light of the PTO's most recent Office Action, which I find significantly narrowed the scope of '320.  Unless otherwise stated in this Order, I find that where there is a conflict between the PTO's conclusions in the Office Action (ECF No. 324-1) and my *Markman* order (ECF No. 258), the Office Action controls.

II.     DISCUSSION

In its latest reexamination of '320, the PTO reinstated most of '320's amended claims, including all three claims being asserted against Defendants.  (ECF No. 324-1, ¶ 4).  Specifically, the PTO agreed with Plaintiff that the prior art did not teach '320's structure of a "multitasking processing means" ("MPM") for "coordinating editing" and "coordinating data transfer" found in each of '320's independent claims.  (ECF No. 324-1, ¶¶ 42-46).  Importantly, the PTO reached this conclusion by adopting for every

independent claim a precise construction of MPM that avoids the prior art by virtue of a single limitation: Algorithm FIG 3A.  *Id.*

Because the PTO relied upon Algorithm FIG 3A to distinguish '320 from the prior art (*Id.*) and also found that the specification of '320 failed to support the existence of an embodiment lacking Algorithm FIG 3A (ECF No. 324-1, ¶¶ 30-38), it found Algorithm FIG 3A to be a necessary component of the MPM in *all* embodiments of '320.  (ECF No. 324-1, ¶ 38) ("Accordingly the Examiner finds that all steps of FIG 3A are necessary, for each embodiment . . . .").  *See also* ¶ 40 ("[T]herefore the Examiner concludes that the minimum corresponding structure for the MPM includes the algorithm of FIG 3A for all embodiments.").  The PTO's reexamination of '320 concludes:

> Regarding independent claims 21, 30, 40, 45, 46, 49, and 50, the prior art of record fails to teach a multitasking processing means (MPM) having a corresponding structure consisting of Structure A or Structure B described below. *Note that the identified structures below include the algorithm of FIG 3A of ['320]*
>
> Structure A: (Multitasking Hardware *and Algorithm of FIG 3A*)
>     [H1] a CPU capable of executing a multi-tasking operating system;
>     [H1 a] a multi-tasking operating system;
>     [H2] an input-output processor, and
>     [H3] one or more memory devices:
>     [S] *Process of FIG 3A* of the Base Patent
>
> Structure B: (General Hardware, Multitasking Software *and Algorithm FIG 3A*)
>     [H1-A] a CPU;
>     [H 1 a-A] an Operating System;
>     [H1 a-A-1] multi-tasking software;
>     [H2] an input-output processor, and
>     [H3] one or more memory devices:
>     [S] *Process of FIG 3A* of the Base Patent

(ECF No. 324-1, ¶ 48) (emphasis added).  Thus, the PTO found '320 to be valid based upon the sole novel component of Algorithm FIG 3A.  Based on the PTO's language,

the other required MPM elements listed with Algorithm FIG 3A are components common to most computers, making Algorithm FIG 3A the defining necessary limitation of '320.

One purpose of the reexamination procedure is to provide the district court with the expert view of the PTO when a claim survives the reexamination proceeding. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). "[T]he reexamination procedure was intended to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts." *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007) (quoting *Digital Magnetic Sys., Inc. v. Ansley*, 213 U.S.P.Q. 290, 290 (W.D. Okla. 1982). Here, to the extent that my *Markman* order found otherwise, I find that the PTO's more narrow conclusions control. Thus, I adopt the PTO's narrowed construction of MPM and hold that Algorithm FIG 3A is a necessary limitation of the MPM in all embodiments of '320.

To defer to the PTO regarding '320's validity, I must defer to its claim construction requiring the steps of Algorithm FIG 3A in the MPM of '320. Under the prior, broader construction of MPM, the PTO found '320 to be invalid. (ECF No. 312-1). However, in its latest Office Action, the PTO restored '320 with the express caveat that the claims be narrowed to require Algorithm FIG 3A. (ECF No. 324-1, ¶ 48). Thus, I find that refusal to adopt the PTO's narrow construction of MPM would be tantamount to ignoring the PTO's finding that a broader construction of MPM would render '320 invalid. My *Markman* Order is hereby modified consistent with the PTO's narrow claim construction.

Because Algorithm FIG 3A is now a required limitation in the MPM of '320, Defendant's accused system must practice this limitation or its equivalent in its own MPM to infringe because "[a]n accused device cannot infringe, as a matter of law, if even a single limitation is not satisfied." *Digital Biometrics, Inc. v. Identix, Inc.*, 149 F.3d 1335, 1349 (Fed. Cir. 1998). Thus, a central issue here is whether the MPM of Defendant's accused system practices all the steps of Algorithm FIG 3A or its equivalent. Accordingly, I find that Plaintiff shall submit an entirely renewed motion for summary judgment on its infringement theory to reflect '320's narrowed scope. Defendant may then file its own motion for summary judgment, if it so chooses.

III.   CONCLUSION

Accordingly, it is

ORDERED that Plaintiff shall submit an entirely renewed motion for summary judgment regarding whether Defendant's accused system infringes '320, including any supporting briefs and expert reports they wish the Court to consider not later than **Monday, March 17, 2014**. It is

FURTHER ORDERED that Defendant may file an entirely renewed motion for summary judgment, if it so chooses, not later than 28 days from the date of Plaintiff's renewed motion for summary judgment. It is

FURTHER ORDERED that all responses to renewed motions for summary judgment shall be filed not later than 28 days from the date of the filing of the motions. All replies shall be filed not later than 14 days from the date of the filing of the responses. Once the briefing is complete, I will schedule a hearing. It is

-6-

FURTHER ORDERED that the parties shall contact Magistrate Judge Hegarty's chambers at 303-844-4507 not later than **Tuesday, February 18, 2014** to schedule a mediation session.

Dated: February 11, 2014

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE